State of New York - Department of State
Division of Corporations

Party Served:
 VALLO TRANSPORTATION LTD.

Plaintiff/Petitioner:
 GOUFAL, HICHAM

VALLO TRANSPORTATION LTD.
151-17 6TH ROAD
WHITESTONE, NY 11357

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 09/23/2020 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Kings
-------------------------------------------------------------------X
Hicham Goufal,

                       Plaintiff/Petitioner,

     - against -                                     Index No. 516621/2020

The City of New York et al,

                      Defendant/Respondent.
-------------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If** you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: September 4, 2020

Jeffrey S. Antin
Name

Antin, Ehrlich & Epstein, LLP
Firm Name

49 West 37th Street, 7th Floor

New York, New York 10018
Address

212-221-5999
Phone

jantin@aeelaw.com
E-Mail

To: ALL DEFENDANTS

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x

HICHAM GOUFAL,

                             Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY BOARD
OF EDUCATION, THE NEW YORK CITY DEPARTMENT OF
EDUCATION, VALLO TRANSPORTATION LTD. and
GREGORY MURPH,

                             Defendants.
-------------------------------------------------------------------x

Index No.:
Date Purchased:

Plaintiff designates
KINGS County
as the place of trial.

The basis of the venue is
situs of occurrence

**SUMMONS**

Plaintiff resides at
130 Cheshire Street
Stratford, CT 06614

TO THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          August 24, 2020

                                     Antin, Ehrlich & Epstein, LLP.
                                     Attorneys for Plaintiff
                                     49 West 37th Street - 7th Floor
                                     New York, New York 10018
                                     (212) 221-5999

                               By: _____
                                  Jeffrey S. Antin

TO:    **The City of New York**
       100 Church Street
       New York, New York 10007
       **The New York City Board of Education**
       100 Church Street
       New York, New York 10007
       **The New York City Department of Education**
       100 Church Street
       New York, New York 10007

**Vallo Transportation LTD.**
c/o Sec of State
**Gregory Murph**
2630 Linden Boulevard, apt. 4E
Queens, New York 11208

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
HICHAM GOUFAL,

                Plaintiff,

             -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
BOARD OF EDUCATION, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, VALLO
TRANSPORTATION LTD. and GREGORY MURPH,

                Defendants.
-----------------------------------------------------------------x

Index No.

COMPLAINT

      Plaintiff, Hicham Goufal, complaining of the defendants herein by his attorneys, Antin, Ehrlich & Epstein, LLP, respectfully set forth and allege as follows:

      1.     That at all times herein mentioned, the defendant, The city of New York, (herein after referred to as "City") was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

      2.     That at all times herein mentioned, plaintiff duly served a Notice of Claim and Intention to Sue thereupon on the defendant, "City", on August 2, 2019, within the time prescribed by law.

      3.     That on August 20, 2019, plaintiff duly served an Amended Notice of Claim and Intention to Sue thereupon on the defendant, "City", within the time prescribed by law which included a copy of the police report.

      4.     That defendant, "City", has neglected and refused to make an adjustment in payment thereof within more than thirty (30) days after service of said Notice and Claim and Intention to Sue.

      5.     That the plaintiff has duly complied with all statutes and laws applicable to the defendant, "City", precedent to the making of this claim and bringing this action.

6. That at all times herein mentioned, the defendant, The New York City Board of Education, (herein after referred to as "Board") was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, plaintiff duly served a Notice of Claim and Intention to Sue thereupon on the defendant, "Board", on August 2, 2019, within the time prescribed by law.

8. That on August 20, 2019, plaintiff duly served an Amended Notice of Claim and Intention to Sue thereupon on the defendant, "Board", within the time prescribed by law which included a copy of the police report.

9. That defendant, "Board", has neglected and refused to make an adjustment in payment thereof within more than thirty (30) days after service of said Notice and Claim and Intention to Sue.

10. That the plaintiff has duly complied with all statutes and laws applicable to the defendant, "Board", precedent to the making of this claim and bringing this action.

11. That at all times herein mentioned, the defendant, The New York City Department of Education, (herein after referred to as "Education") was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

12. That at all times herein mentioned, plaintiff duly served a Notice of Claim and Intention to Sue thereupon on the defendant, "Education", on August 2, 2019, within the time prescribed by law.

13. That on August 20, 2019, plaintiff duly served an Amended Notice of Claim and Intention to Sue thereupon on the defendant, "Education", within the time prescribed by law which included a copy of the police report.

14. That defendant, "Education", has neglected and refused to make an adjustment in payment thereof within more than thirty (30) days after service of said Notice and Claim and Intention to Sue.

15. That the plaintiff has duly complied with all statutes and laws applicable to the defendant, "Education", precedent to the making of this claim and bringing this action.

16. Upon information and belief, that at all times herein mentioned, defendant, Vallo Transportation LTD. (herein after referred to as "Vallo") was a domestic business corporation duly organized and existing under and by virtue of the Laws of the State of New York.

17. Upon information and belief, that at all times herein mentioned, defendant, "City", was the owner of a bus bearing registration number 38158BB, New York.

18. Upon information and belief, that at all times herein mentioned, defendant Gregory Murph, was the operator of a bus bearing registration number 38158BB, New York.

19. Upon information and belief, that at all times hereinafter mentioned, the defendant, Gregory Murph, was an employee of the defendant, "City".

20. Upon information and belief, that at all times the hereinafter mentioned, the defendant, Gregory Murph, was operating the aforementioned bus of the defendant, "City", in the course of his employment with and within the scope of his authority as an employee of the defendant, "City".

21. Upon information and belief, that at all times herein mentioned, defendant, Gregory Murph, was in physical charge, operation, management and control of the aforesaid bus owned by the defendant, "City", with the knowledge, consent and permission, either expressed or implied, of the defendant owner thereof.

22. Upon information and belief, that at all times herein mentioned, defendant, "Board", was the owner of a bus bearing registration number 38158BB, New York.

23. Upon information and belief, that at all times hereinafter mentioned, the defendant Gregory Murph, was an employee of the defendant, "Board".

24. Upon information and belief, that at all times the hereinafter mentioned, the defendant, Gregory Murph, was operating the aforementioned bus of the defendant, "Board", in the course of his employment with and within the scope of his authority as an employee of the defendant, "Board".

25. Upon information and belief, that at all times herein mentioned, defendant, Gregory Murph, was in physical charge, operation, management and control of the aforesaid bus owned by the defendant, "Board", with the knowledge, consent and permission, either expressed or implied, of the defendant owner thereof.

26. Upon information and belief, that at all times herein mentioned, defendant, "Education", was the owner of a bus bearing registration number 38158BB, New York.

27. Upon information and belief, that at all times hereinafter mentioned, the defendant Gregory Murph, was an employee of the defendant, "Education".

28. Upon information and belief, that at all times the hereinafter mentioned, the defendant, Gregory Murph, was operating the aforementioned bus of the defendant, "Education", in the course of his employment with and within the scope of his authority as an employee of the defendant, "Board".

29. Upon information and belief, that at all times herein mentioned, defendant, Gregory Murph, was in physical charge, operation, management and control of the aforesaid bus owned by the defendant, "Education", with the knowledge, consent and permission, either expressed or implied, of the defendant owner thereof.

30. Upon information and belief, that at all times herein mentioned, defendant, "Vallo" was the owner of a bus bearing registration number 38158BB, New York.

31. Upon information and belief, that at all times herein mentioned, defendant, Gregory Murph, was the operator of a motor vehicle bearing registration number 38158BB, New York.

32. Upon information and belief, that at all times hereinafter mentioned, the defendant, Gregory Murph, was an employee of the defendant, "Vallo".

33. Upon information and belief, that at all times the hereinafter mentioned, the defendant, Gregory Murph, was operating the aforementioned motor vehicle of the defendant, "Vallo", in the course of his employment with and within the scope of his authority as an employee of the defendant, "Vallo".

34. Upon information and belief, that at all times herein mentioned, defendant, Gregory Murph, was in physical charge, operation, management and control of the aforesaid motor vehicle owned by the defendant, "Vallo", with the knowledge, consent and permission, either expressed or implied, of the defendant owner thereof.

35. That at all times herein mentioned, plaintiff, Hicham Goufal, was the ooperator of a motor vehicle bearing registration number 1QUEST, CT.

36. That on the 24th day of May, 2019 at approximately 9:55 a.m., defendants' aforesaid bus came into contact with and struck plaintiff's vehicle on 6th Avenue, at or near its intersection with Dean Street, a public street and thoroughfare, in the County of Kings, City and State of New York.

37. That as a result of the foregoing, plaintiff was caused to and did sustain severe personal injuries and was required to seek and obtain medical care and attention in an effort to care and/or alleviate the same and upon information and belief and will be compelled to do so in the future.

38. That the aforesaid occurrence and the injuries sustained by this plaintiff were caused wholly and solely by reason of the carelessness and negligence of the defendants herein without any fault or negligence on the part of the plaintiff contributing thereto.

39. That plaintiff has sustained a serious injury as the same in Section 5102(d) of Insurance Law of the State of New York and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

40. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

41. That as a result of the foregoing, plaintiff, Hicham Goufal, has been damaged in a sum that exceeds the jurisdictional amount of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff, Hicham Goufal, demands judgment against the defendants in the sum above mentioned, all together with the costs and disbursements of this action.

Dated: New York, New York
August 24, 2020

> Antin, Ehrlich & Epstein, LLP
> Attorneys for Plaintiff
> 49 West 37th Street - 7th Floor
> New York, New York 10018
> (212) 221-5999
>
> By: *Jeffrey S. Antin* (signature)
> Jeffrey S. Antin